IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KIRSTON JERMAINE DOWDELL, # 318159, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CASE NO. 3:21-cv-588-ECM-JTA (WO) |
| JOSEPH H. HEADLEY, *et al.,* | ) ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Alabama prisoner Kirston Jermaine Dowdell has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.)[1] For the reasons discussed below, the court recommends that Dowdell's petition be denied as time-barred and that this case be dismissed with prejudice.

**I. BACKGROUND**

On February 25, 2019, Dowdell appeared in the Lee County Circuit Court and pled guilty under a plea agreement to aggravated criminal surveillance, in violation of Ala. Code § 13A-11-32.1 (Count 1); production of obscene matter involving minors, in violation of Ala. Code § 13A-12-197 (Count 2); and possession of obscene matter involving minors, in violation of § 13A-12-192(b) (Count 3). (Doc. No. 9-8.) That same day, the trial court

---

[1] References to documents filed are designated as "Doc. No." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as submitted for filing.

sentenced Dowdell to 12 months' imprisonment on Count 1, 15 years on Count 2, and 5 years on Count 3, with all sentences to run concurrently. (*Id*.) Dowdell did not appeal.

On February 24, 2021, Dowdell filed a petition in the trial court seeking relief from his convictions and sentence under Rule 32 of the Alabama Rules of Criminal Procedure.[2] (Doc. No. 9-4.) Dowdell alleged that the recent arrest of Lee County District Attorney Brandon Hughes for ethics violations constituted newly discovered evidence of prosecutorial misconduct requiring that his convictions be set aside.[3] (*Id*.) On May 13, 2021, Dowdell moved to withdraw his Rule 32 petition, stating that he "no longer want[ed] it considered or processed, mainly because of the lengthy court proceedings and the high financial cost of it." (Doc. No. 9-15.) On May 27, 2021, the trial court granted Dowdell's motion, dismissing the Rule 32 petition without prejudice. (Doc. No. 9-16.)

On August 30, 2021, Dowdell filed this § 2254 petition. (Doc. No. 1.) In his petition, Dowdell claims that (1) the June 2021 conviction of District Attorney Hughes for ethics violations places "doubt" over the validity of his own convictions and all convictions

---

[2] The court applies the "prison mailbox rule" to determine the filing date of the Dowdell's state Rule 32 petition, as well the filing date of his federal habeas petition. Under the prison mailbox rule, a *pro se* petition is deemed to be filed on the date a prisoner delivers the petition to prison authorities for mailing. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In this circuit, absent evidence to the contrary, courts will assume that a prisoner delivered a filing to prison officials on the date he represents that he signed it. *See United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012).

[3] Hughes was arrested in November 2020 on charges related to using his office for public gain. He pled guilty to those charges in June 2021.

entered in the Lee County Circuit Court, and (2) he was improperly denied bond and received limited visits from his lawyer before he entered his guilty plea. (*Id*. at 5–7.)

Respondents argue that Dowdell's § 2254 petition is time-barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Doc. No. 9 at 4–7.)

## II. DISCUSSION

### A.    Timeliness

Title 28 United States Code § 2244(d) of the AEDPA provides the limitation period for filing federal habeas petitions. That statute provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

3

or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Usually, a § 2254 petition must be filed within a year after the state court's judgment of conviction becomes final, either by conclusion of direct review or expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *see Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). If an Alabama defendant does not appeal his conviction, the judgment of conviction becomes final 42 days after sentencing—the time allowed by Ala. R. App. P. 4(b)(1) to file a notice of appeal. *See Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). The final day on which Dowdell could have filed a notice of appeal on direct review was April 8, 2019—42 days after his February 25, 2019 sentencing. But Dowdell filed no appeal. Therefore, his judgment of conviction became final on April 8, 2019. Consequently, absent some effective tolling event, Dowdell had until April 8, 2020, to timely petition under § 2254.

The one-year limitation period is subject to statutory tolling in some cases, such as when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Dowdell filed his state Rule 32 petition in the trial court on February 24, 2021. But that petition had no tolling effect under § 2244(d)(2), because AEDPA's statute of limitations ran untolled for the one-year period starting on April 8, 2019, before expiring on April 8, 2020—well before Dowdell filed the Rule 32 petition. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing

4

after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.; see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

The alternative statutory provisions of 28 U.S.C. § 2244(d)(1)(B) and (C) provide no safe harbor for Dowdell such that AEDPA's statute of limitations was triggered on some date later than April 8, 2019, or expired on some date later than April 8, 2020. There is no evidence that an unlawful state action impeded Dowdell from filing a timely § 2254 petition, *see* § 2244(d)(1)(B), and Dowdell presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* § 2244(d)(1)(C).

With specific regard to his claim that the June 2021 conviction of District Attorney Hughes places "doubt" over the validity of his own convictions, Dowdell fares no better under 28 U.S.C. § 2244(d)(1)(D). Under that subsection, the one-year limitation period for asserting a claim in a § 2254 petition runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). While Hughes's conviction did not occur until June 2021, less than three months before Dowdell filed his petition, Dowdell alleges no facts showing any connection between his own case and the charges against Hughes, and he points to no specific facts suggesting any unfairness in his own case related to unlawful actions by Hughes. He merely asserts that Hughes's conviction calls his own convictions into question. But a legitimate factual predicate for any claim by Dowdell would

necessarily involve a showing of something that happened to Dowdell, not what happened to Hughes in his unrelated ethics case. Dowdell fails to tie Hughes's illegality to anything that happened to him. It is a matter of pure speculation that Hughes engaged in conduct that improperly influenced Dowdell's case. Thus, Hughes's June 2021 conviction is not a legitimate factual predicate for a claim presented by Dowdell,[4] and § 2244(d)(1)(D) does not provide the statute of limitations for Dowdell's claim.[5] *See, e.g.*, *Brayboy v. Napel*, 2012 WL 37395, at *7 (E.D. Mich. Jan. 9, 2012) (because petitioner's newly discovered evidence, newspaper articles about alleged police misconduct in other cases, did not establish that the police or prosecutor withheld exculpatory evidence in petitioner's case, the commencement of the limitations period was not delayed until petitioner "discovered" this new evidence).

---

[4] When a § 2254 petitioner asserts multiple claims with different dates triggering the statute of limitations under § 2244(d)(1), the applicable trigger date is determined on a claim-by-claim basis. *Zack v. Tucker*, 704 F.3d 917, 918 (11th Cir. 2013). No argument can be made that the limitation period in § 2244(d)(1)(D) applies to Dowdell's remaining claim in his § 2254 petition, that he was improperly denied bond and received limited visits from his lawyer before he entered his guilty plea. The factual predicate for that claim was known to Dowdell before he was convicted in February 2019.

[5] Even if Hughes's June 2021 conviction were a legitimate factual predicate for Dowdell's claim so that § 2244(d)(1)(D) provides the statute of limitations for the claim, rendering the claim timely in Dowdell's § 2254 petition, which was filed on August 30, 2021, the claim would not entitle Dowdell to habeas relief. As indicated above, Dowdell alleges no facts showing a connection between his case and the charges against Hughes, and he points to no facts suggesting any unfairness in his own case related to unlawful actions by Hughes. Hughes's conviction, on its own and showing nothing more, is not enough to call Dowdell's convictions into question. Dowdell's conclusory assertions reveal no unconstitutionality in the state court judgment against him.

Under § 2244(d)(1)(A), Dowdell had until April 8, 2020, to petition for habeas relief under 28 U.S.C. § 2254. His petition filed on August 30, 2021, was filed well after expiration of AEDPA's statute of limitations.

**B.     Equitable Tolling**

The one-year limitation period may be equitably tolled on grounds besides those in the habeas statute when a petitioner untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).

Dowdell argues he is entitled to equitable tolling because his § 2254 filing was delayed by COVID-19 lockdowns and a "2-week quarantine" at the Alabama prison where he was incarcerated when AEDPA's statute of limitations expired. (Doc. No. 11 at 2.) He asserts that the lockdowns resulted in, among other things, inmate confinement to dorms, no access to the law library, and lack of "access to the information you need to file the proper paper in the court." (*Id*.) Dowdell does not indicate the dates on which the lockdowns and quarantine were instituted at his prison, but the court presumes such lockdowns may have started in mid-March 2020.

7

The Eleventh Circuit has recognized that delays in filing federal habeas petitions because of COVID-19 lockdowns and similar limitations imposed because of the COVID-19 pandemic are not, by themselves, extraordinary circumstances that justify equitable tolling. *See Powell v. United States*, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022); *Rush v. Sec'y, Fla. Dep't of Corr.*, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021). These cases indicate that a petitioner must show unique circumstances in his case, different from those of other prisoners seeking to access legal resources, that prevented him from filing a timely habeas petition because of the COVID-19 pandemic. *See Rush,* 2021 WL 3134763, at *1 (finding no extraordinary circumstances when petitioner's circumstances "were not different than any other prisoner attempting to access legal resources, as they were all subject to COVID-19 protocols"). *See also Hilliard v. United States*, 2022 WL 165006, at *1 (S.D. Ga. Jan. 18, 2022) ("[D]elays due to COVID-19 are not extraordinary circumstances for the purpose of equitable tolling if a prisoner cannot demonstrate his circumstances are different than that of other prisoners." (citing *Rush*, 2021 WL 3134763, at *1)); *Franco v. United States*, 2021 WL 1546021, at *4 n.5 (M.D. Fla. Apr. 20, 2021) (collecting cases on COVID-19 lockdowns where tolling was found to be unwarranted).

Dowdell has not shown unique circumstances in his case. He does not show or allege that access to the law library and other legal resources was restricted solely for him. His circumstances, therefore, did not differ from those of any other inmate at his prison seeking relief under § 2254 during the pandemic. Thus, they are not extraordinary and do not entitle him to equitable tolling.

Moreover, Dowdell cannot show reasonable diligence when he has not explained how he could not have prepared or filed his habeas petition during the nearly 11-month period after his conviction became final before the COVID-19 lockdowns and "2-week quarantine" presumably began. *See Franco*, 2021 WL 1546021, at *4 (finding COVID-19 pandemic was not an extraordinary circumstance for equitable tolling where petitioner did not adequately explain why he could not file his habeas petition before the imposition of COVID-19 restrictions in his prison); *Powell v. United States*, 2021 WL 2492462, at *4 (S.D. Ga. May 24, 2021) (equitable tolling not appropriate where habeas petitioner failed to show diligent efforts to pursue his rights before the COVID-19 pandemic began).

Dowdell has failed to show an extraordinary circumstance or any diligent efforts on his part. So his claim for equitable tolling fails. The claims in his time-barred § 2254 are subject to no further review.

### III. CONCLUSION

Accordingly, this Magistrate Judge RECOMMENDS that Dowdell's § 2254 petition be DENIED as time-barred under the federal statute of limitations and that this case be DISMISSED with prejudice.

It is also ORDERED that the parties shall file any objections to this Recommendation by **July 3, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall

9

bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see al*so *Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 17th day of June, 2024.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE