IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KIRSTON JERMAINE DOWDELL, #318159, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CIVIL CASE NO. 3:21-cv-588-ECM ) [WO] |
| JOSEPH H. HEADLEY, *et al.*, | ) ) |
| Respondents. | ) ) |

**MEMORANDUM OPINION and ORDER**

On June 17, 2024, the Magistrate Judge entered a Recommendation that Petitioner Kirston Jermaine Dowdell's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied as time-barred and that this case be dismissed with prejudice. (Doc. 12). On July 1, 2024, the Petitioner timely filed objections to the Recommendation. (Doc. 13).

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Petitioner's objections, the Court concludes that the Petitioner's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed with prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires

that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

The Court has carefully reviewed the Magistrate Judge's Recommendation and the Petitioner's objections. While the Petitioner's objections reflect a disagreement with the Recommendation, they fail to establish that the Magistrate Judge committed any error. For example, the Petitioner contends that "the events that took place were right in the middle of the [COVID-19] pandemic," and that "you had to be there to see how a prison is run during a once in a lifetime world pandemic." (Doc. 13 at 1). But the Magistrate Judge considered and rejected the Petitioner's arguments that the COVID-19 pandemic was sufficient to equitably toll the limitations period for the Petitioner's § 2254 petitioner, and in her well-reasoned Recommendation, the Magistrate Judge concluded that the Petitioner was not entitled to equitable tolling. The Court also agrees with the Magistrate Judge's reasoning that the Petitioner "cannot show reasonable diligence when he has not explained how he could not have prepared or filed his habeas petition during the nearly 11-month period after his conviction became final [and] before the COVID-19 lockdowns and '2-week quarantine' presumably began." (Doc. 12 at 9). The Petitioner's objections fail to

show any error in the Magistrate Judge's reasoning on this point. Consequently, these objections are due to be overruled.

Additionally, to the extent the Petitioner restates his allegations and arguments regarding the arrest of Lee County District Attorney Brandon Hughes, the Magistrate Judge considered and rejected these allegations and arguments, and the Petitioner fails to establish any error in the Magistrate Judge's analysis or conclusions. Consequently, the Petitioner's objections are due to be overruled.

Accordingly, upon an independent review of the record, and upon consideration of the Recommendation, it is

ORDERED as follows:

1. The Petitioner's objections (doc. 13) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 12) is ADOPTED;

3. The Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1) is DENIED;

4. This case is DISMISSED with prejudice.

A separate Final Judgment will be entered.

DONE this 10th day of July, 2024.

        /s/ Emily C. Marks
        EMILY C. MARKS
        CHIEF UNITED STATES DISTRICT JUDGE